## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyler P. Wiss and Melody M. McKenna, | Case No.: 22-CV-02047-PJS-LIB |
| Plaintiffs, | |
| v. | **JOINT ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS PROCTOR PUBLIC SCHOOLS, ISD NO. 704, AND JOHN ENGELKING** |
| Proctor Public Schools/Independent School District #704, Derek B. Parendo, John Doe Assistant Coaches #1-5, and John E. Engelking, | |
| Defendants. | **Jury Trial Demanded** |

As and for their Joint Answer to Plaintiffs' Complaint, Defendants Proctor Public Schools, Independent School District No. 704 ("Defendant School District"), and John Engelking ("Defendant Engelking") (collectively, "Answering Defendants") generally deny every matter and thing alleged in the Complaint and further state and allege as follows:

1.      Answering Paragraphs 1-3, admit except to the extent the allegations conflict with education records maintained by Defendant School District.

2.      Answering Paragraph 4, admit Defendant School District is a <u>political subdivision</u> (specifically, not a "quasi-municipal corporation" as alleged in the Complaint) headquartered at 131 Ninth Avenue, <u>Proctor</u>, Minnesota 55180.

3.      Answering Paragraph 5, admit only that Derek Parendo served in the capacity of Head Coach for the Proctor High School Football Team.  The remaining allegations in Paragraph 5 are generally denied because a response would unlawfully reveal

private personnel data protected from disclosure under Minn. Stat. § 13.43.

4.      Answering Paragraph 6, admit that on September 6, 2021, five (5) individuals employed with Defendant School District were serving in the capacity of Proctor High School Assistant Football Coaches.  Answering Defendants may not lawfully reveal these individuals' identities without violating Minn. Stat. § 13.43.

5.      Answering Paragraph 7, admit, except to note that Defendant Engelking's middle initial is not "E."

6.      Paragraphs 8 and 9 contain allegations of law to which no response is required.  Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to proof.

7.      Answering Paragraphs 10 and 11, admit, except to the extent the allegations conflict with education records maintained by Defendant School District.

8.      Answering Paragraph 12, admit only that Parendo served in the role of Proctor High School Head Football Coach.  The remaining allegations in Paragraph 12 are generally denied, because a response would unlawfully reveal private personnel data protected from disclosure under Minn. Stat. § 13.43.

9.      The allegations in Paragraph 13, which lack any meaningful temporal reference and include overly broad terms such as "prevalent practice," and "hazing" are sufficiently vague and ambiguous to render Answering Defendants incapable of admission or denial.  The allegations are therefore denied, and Plaintiffs are put to strictest proof.  To the extent Paragraph 13 suggests, implies, or attempts to impute knowledge of any unlawful conduct on Answering Defendants, the allegations are expressly denied.

2

10.    Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraphs 14-16 and therefore deny the same and put Plaintiffs to strictest proof.

11.    Paragraph 17 is denied with respect to Defendant Engelking.  Answering Defendants lack knowledge sufficient to form a belief as to the truth of the allegations with respect to Parendo and therefore deny the same and put Plaintiffs to proof.

12.    The allegations in Paragraph 18, which include overly broad terms and references to "hazing practice," "PSD," "upper district administration" and "many years," are sufficiently vague and ambiguous to render Answering Defendants incapable of admission or denial; therefore, they are denied, and Plaintiffs are put to strictest proof.

13.    The allegations in Paragraphs 19-20, which include generic references to "PSD," "hazing," and "hazing activities" are sufficiently vague and ambiguous to render Answering Defendants incapable of response; therefore, the allegations are denied, and Plaintiffs are put to strictest proof.

14.    Paragraph 21 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law by Plaintiffs and put Plaintiffs to proof.  Answering Defendants lack knowledge sufficient to admit or deny any remaining the factual allegations in Paragraph 21 and, thus, deny the same and put Plaintiffs to proof.

15.    Answering Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 22 and therefore deny the same and put Plaintiffs to proof.

16.    Paragraph 23 is generally denied.  A response would violate Minn. Stat. § 13.43.

17.     Answering Paragraph 24, upon information and belief, admit that some Assistant Coaches conducted a football practice on September 6, 2021.

18.     Paragraphs 25 and 26 are denied.

19.     Paragraph 27 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law by Plaintiffs and put Plaintiffs to proof.  To the extent the remainder of Paragraph 27 contains factual allegations, they are denied.

20.     Answering Defendants lack information sufficient to admit or deny the allegations in Paragraph 28 and therefore deny the same and put Plaintiffs to proof.

21.     Paragraph 29-31 contain allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.  To the extent Paragraphs 29-31 contain allegations of fact, they are denied.

22.     Answering Paragraph 32, admit Defendant School District is a recipient of federal funds.  The remaining allegations in Paragraph 32 are ones of law to which no response is required.  Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to proof.

23.     Paragraph 33 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.  To the extent Paragraph 33 contains allegations of fact, they are denied.

24.     Paragraphs 34-36 contain allegations of law to which no response is required.

Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.

25.    Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-38 of the Complaint.

26.    Paragraphs 39-41 contain allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.  To the extent Paragraphs 39-41 contain allegations of fact, they are denied.

27.    Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-42 of the Complaint.

28.    Paragraph 43 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.

29.    Paragraphs 44-46 contain allegations of law to which no response is required. Defendant Engelking denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.  To the extent Paragraphs 44-46 contain allegations of fact, they are denied.

30.    Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-47 of the Complaint.

31.    Paragraph 48 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to proof.

32.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-49 of the Complaint.

33.      Paragraphs 50-54 contain allegations of law to which no response is required.  Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.

34.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-55 of the Complaint.

35.     Paragraphs 56-58 contain allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.

36.     Answering Defendants lack information sufficient to admit or deny the allegations in Paragraph 59 and therefore deny the same and put Plaintiffs to strictest proof.

37.     Paragraph 60 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.

38.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-61 of the Complaint.

39.     Paragraphs 62 and 63 contain allegations of law to which no response is required.  Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

40.     Paragraph 64 contains allegations of law to which no response is required. Defendant Engelking denies any characterizations of law made by Plaintiffs and puts

Plaintiffs to strictest proof.

41.     Paragraph 65 contains allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.  To the extent Paragraph 65 contains factual allegations, they are denied.

42.     Paragraphs 66 and 67 contain allegations of law to which no response is required.  Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

43.     Count VI(C), Paragraph 68, is not directed against Answering Defendants. As such, no response is necessary.  To the extent a response is necessary, Answering Defendants deny the allegations.

44.     Paragraph 69 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.  To the extent Paragraph 69 contains factual allegations, they are denied.

45.     Paragraphs 70 and 71 contain allegations of law to which no response is required.  Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

46.     Count VI(C), Paragraph 72, is not directed against Answering Defendants. As such, no response is necessary.  To the extent a response is necessary, Answering Defendants deny the allegations.

47.     Paragraph 73 contains allegations of law to which no response is required.

Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof. To the extent Paragraph 73 contains factual allegations, they are denied.

48.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-74 of the Complaint.

49.     Paragraphs 75-80 contain allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof. To the extent Paragraphs 75-80 contain factual allegations, they are denied.

50.     Count VI(D), Paragraph 81, is not directed against Answering Defendants. As such, no response is necessary. To the extent a response is necessary, Answering Defendants deny the allegations.

51.     Paragraph 82 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law by Plaintiffs and puts Plaintiffs to proof. To the extent Paragraph 82 contains factual allegations, they are denied.

52.     Paragraphs 83 and 84 contain allegations of law to which no response is required. Defendant School District denies any characterizations of law by Plaintiffs and puts Plaintiffs to proof.

53.     Count VI(D), Paragraph 85, is not directed against Answering Defendants. As such, no response is necessary. To the extent a response is necessary, Answering Defendants deny the allegations.

54.     Paragraph 86 contains allegations of law to which no response is required.

Defendant School District denies any characterizations of law by Plaintiffs and puts Plaintiffs to proof.  To the extent Paragraph 86 contains factual allegations, they are denied.

55.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-87 of the Complaint.

56.     Paragraph 88 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

57.     Answering Paragraph 89, admit.

58.     Paragraphs 90-93 contain allegations of law to which no response is required. Answering Defendants deny any characterizations of law made by Plaintiffs and put Plaintiffs to strictest proof.  To the extent Paragraphs 90-93 contain factual allegations, they are denied.

59.     Paragraph 94 is generally denied, because a response would unlawfully reveal private personnel data protected from disclosure under Minn. Stat. § 13.43.

60.      Paragraph 95 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.  To the extent Paragraph 95 contains allegations of fact, they are expressly denied.

61.     Count VI(E), Paragraph 96, is not directed against Answering Defendants. As such, no response is necessary.  To the extent a response is necessary, Answering Defendants deny the allegations.

62.     Paragraphs 97 and 98 contain allegations of law to which no response is

required.  Defendant School District denies any allegations of law by Plaintiffs and puts Plaintiffs to proof.  To the extent Paragraphs 97 and 98 contain factual allegations, they are denied.

63.     Answering Paragraph 99, admit that on September 6, 2021, John Does had been employees of Defendant School District for varying lengths of time.

64.     Paragraph 100 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.  To the extent Paragraph 100 contains allegations of fact, they are denied.

65.     Count VI(E), Paragraph 101, is not directed against Answering Defendants. As such, no response is necessary.  To the extent a response is necessary, Answering Defendants deny the allegations.

66.     Paragraph 102 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law by Plaintiffs and puts Plaintiffs to proof.  To the extent Paragraph 102 contains factual allegations, they are denied.

67.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative allegations to Paragraphs 1-103 of the Complaint.

68.     Paragraphs 104-106 contain allegations of law to which no response is required.  Defendant Engelking denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

69.     Paragraph 107 contains allegations of law to which no response is required.

Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

70.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative defenses to Paragraphs 1-108 of the Complaint.

71.     Count VI(G), Paragraphs 109-112, are not directed against Answering Defendants.  As such, no response is required.  To the extent a response is necessary, the allegations are denied.

72.     Paragraph 113 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

73.     Answering Defendants reallege and reincorporate by reference their preceding answers and affirmative defenses to paragraphs 1-114 of the Complaint.

74.     Count VI(H), Paragraphs 115-119, are not directed against Answering Defendants.  As such, no response is required.  To the extent a response is necessary, the allegations are denied.

75.     Paragraph 120 contains allegations of law to which no response is required. Defendant School District denies any characterizations of law made by Plaintiffs and puts Plaintiffs to strictest proof.

76.     Regarding the Wherefore clauses, Answering Defendants deny that Plaintiffs are entitled to any relief whatsoever from Answering Defendants, including any injunctive relief, compensatory damages, punitive damages, civil penalty, attorneys' fees, costs, and disbursements.  Further, if any relief is granted (which it should not be), damages shall be

limited to applicable caps and damages which are punitive in nature are not permitted against Defendant School District, a governmental entity, except where explicitly provided in statute.

## **AFFIRMATIVE AND OTHER RELATED DEFENSES**

By way of their affirmative and other related defenses, Defendants state and allege as follows:

1.      Some or all of Plaintiffs' claims are barred for failure to state a claim against Answering Defendants upon which relief can be granted.

2.      Plaintiffs' claims are barred because the alleged harm, if any, is speculative.

3.      Liability is limited by Minn. Stat. § 466.04.

4.      Some or all the claims asserted in the Complaint may be barred in part, or in whole, by Plaintiffs' own conduct.

5.      Any damages sustained by Plaintiff are not the result of any act or omission by Answering Defendants, but instead are the result of acts or omissions by Plaintiffs, T.W., or third parties over whom Answering Defendants had no control.

6.      Some or all of Plaintiffs' claims are barred by qualified immunity, official immunity, vicarious official immunity, discretionary immunity, or other immunities afforded by statute or common law.

7.      Any of the alleged acts or omissions undertaken by Answering Defendants were taken while acting in good faith and with the reasonable belief that their actions were legal, valid, proper, and done while exercising lawful authority.

8.      Answering Defendants at all times acted in good faith in attempting to comply with their obligations under state and federal law, and as such, punitive damages, multipliers, and/or penalties are not warranted.

9.      Answering Defendants deny that Plaintiffs and T.W. have suffered any damages, but if they did, Answering Defendants affirmatively allege that Plaintiffs and T.W. failed to mitigate their damages; or, if they have mitigated their damages, they have done so successfully so as to make themselves whole.

10.     Answering Defendants reserve the right to assert any and all additional defenses codified in Federal statutes, Minnesota statutes, Federal or State Rules of Civil Procedure, or found in case law as may be identified through further investigation and discovery.

**WHEREFORE**, the Answering Defendants pray for the following relief from this Court:

1.      That Plaintiffs take nothing by reason of the Complaint;

2.      That Plaintiffs be granted no relief in this action;

3.      That judgment be entered in favor of Answering Defendants on all Counts directed against them and that the Complaint be dismissed in its entirety with prejudice as to Answering Defendants;

4.      That Answering Defendants be awarded costs and disbursements; and

5.      For all such other and further relief as the Court may deem just and proper.

Dated:  September 20, 2022               **KENNEDY & GRAVEN, CHARTERED**

                                         By: _____*/s/ Alex D. Ivan*_____
                                         Maggie R. Wallner (A.R. #0193458)

13

Alex D. Ivan (A.R. #0399607)
700 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN  55402
Telephone: (612) 337-9300
Facsimile:  (612) 337-9310
E-Mail:    mwallner@kennedy-graven.com
           aivan@kennedy-graven.com

***Attorneys for Defendants Proctor Public Schools, Independent School District No. 704, and John Engelking***