UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tyler P. Wiss and Melody M. McKenna, | Case No. 22-cv-2047 (PJS/LIB) |
| Plaintiffs, | |
| vs | **DEFENDANT DEREK B. PARENDO'S STATEMENT OF THE CASE** |
| Proctor Independent School District 704, Derek B. Parendo, John Doe Assistant Coaches #1-5 and John E. Engelking, | |
| Defendants. | |

---

Pursuant to the Court's Pretrial Scheduling Notice and Order dated November 15, 2022, Defendant Derek B. Parendo submits the following concise Statement of the Case:

### A. Version of the Facts of the Case

Defendant Derek Parendo was a member of the Proctor High School Football Coaching staff from the fall of 2000 until the fall of 2021. He became head coach in 2008. Coach Parendo also played football in the Proctor program while in school beginning in approximately 1988. At no time during his association with the program was there a culture of hazing, harassment, or intimidation, much less sexual harassment, to his knowledge.

Plaintiffs allege that there was a prevalent practice of hazing high school football players with a toilet bowl plunger. Coach Parendo was not aware of any such practice (or of any other hazing practices), and he denies such a practice existed. To the best of his knowledge, no other school district personnel were aware of such a practice or received any related complaints prior to the incident which gives rise to this case.

1

Coach Parendo was not present at the time of the alleged hazing incident, having left football practice early to attend an out-of-town athletic event involving one of his children. In his absence, the remaining coaches supervised practice, which Coach Parendo understands ended early due to a storm. Coach Parendo lacks first-hand knowledge of the events that transpired on the date in question, and no complaints were made to him in the immediate aftermath of the incident. Coach Parendo did not participate in the school district's investigation or in any post-investigation discipline of any of the alleged perpetrators, which is believed to have been directed by the district and building administrators and/or law enforcement.

Based on the limited information currently in his possession, Coach Parendo disputes the nature and extent of Plaintiffs' damages, if any, and he empathetically denies any intentional conduct directed towards or resulting in injury to TW. Coach Parendo further denies that he knew or should have known of the allegations in Plaintiffs' Amended Complaint, and he denies that the alleged hazing incident was reasonably foreseeable. No coach could have reasonably anticipated the alleged event.

**B. Listing of Particularized Facts Which Support the Claimed Liability or Defenses, Including any Applicable Statutes as Identified by Number**

It is too soon to identify particularized facts as this matter is in its infancy and investigation into Plaintiffs' allegations is ongoing. As noted above, Coach Parendo unequivocally denies many of the factual allegations raised in Plaintiffs' Amended Complaint. Plaintiffs have the burden of proof, and Coach Parendo expects they will be unable to meet that burden. To the best of Coach Parendo's knowledge, no culture or

prevalent practice of hazing existed, and the hazing incident was not reasonably foreseeable.

**C. Itemization and Explanation of any Claimed Damages**

Coach Parendo is not seeking money damages in this case.

|  |  |
|---|---|
| Dated: November 29, 2022 | LIND, JENSEN, SULLIVAN & PETERSON, P.A.<br><br>*/s/ Mark A. Fredrickson*<br>Mark A. Fredrickson, #210535<br>1300 AT&T Tower<br>901 Marquette Ave So<br>Minneapolis, MN  55402<br>(612) 333-3637<br>Mark.fredrickson@lindjensen.com<br><br>*Attorney for Defendant Derek B. Parendo* |