UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tyler P. Wiss and Melody M. McKenna, | Case No.: 22-CV-02047-PJS-LIB |
| Plaintiffs, | |
| v. | JOINT RULE 26(f) REPORT |
| Proctor Public Schools/Independent School District #704, Derek B. Parendo, John Doe Assistant Coaches #1-5, and John E. Engelking, | |
| Defendants. | |

---

On November 21, 2022, the parties/counsel identified below conferred by phone as required by Fed. R. Civ. P. 26(f), the Local Rules, and this Court's Pretrial Scheduling Notice and Order, Doc. No. 22, and prepared the following report, which was then finalized through follow-up communications.

The parties request that the initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 be held by telephone.

(a) Description of the Case.

   (1) Concise factual summary of plaintiff's claims:

   Plaintiffs' minor child, T.W. was a student athlete at the defendant Proctor Independent School District 704 (hereinafter "Proctor") on or about September 6, 2021. On or about that date, T.W. was intentionally held down and assaulted with a toilet bowl plunger by several Proctor student athletes after a football practice. At the time of the incident there was no adult supervision of the student athletes. This assault occurred on Proctor's property.

   Plaintiffs further intend to show that the School District, administration, and coaches, had notice of prior hazing, and otherwise inappropriate, incidents. Named defendants failed to take appropriate measures to prevent these types of actions from further happening.

Because of these defendants' deliberate and intentional indifference to providing a school environment free of hazing, sexual assaults and discrimination, T.W. suffered the injuries complained of in their complaint

(2) Concise factual summary of defendants' claims/defenses:

### *Defendants Proctor Public Schools and John Engelking*

Proctor Public Schools is committed to an educational environment where all students feel welcome and safe. To that end, the School District implements long-standing, anti-discrimination policies and takes appropriate disciplinary action in response to known misconduct by students. Defendants deny any wrongdoing and liability to Plaintiffs.

Plaintiffs have failed to establish a prima facie case of sex discrimination, whether it be under Title IX, Minn. Stat. § 363A.13, or the Equal Protection Clause. Among other fatal deficiencies, Plaintiffs have failed to demonstrate the School District had actual notice of the alleged misconduct against T.W. or that the School District acted with deliberate indifference in responding to the alleged incident. Further, Plaintiffs have failed to demonstrate that the alleged conduct toward T.W. was motivated by sex or that the conduct was sufficiently severe, pervasive, and objectively offensive to deny equal educational opportunity. There is also insufficient evidence of a custom, practice, or policy of sex-based discrimination. Lastly, Defendants further invoke all applicable immunities available under statute and common law.

The various common law claims Plaintiffs advance against Defendants also fail, because, among other issues, the alleged conduct toward T.W. was not foreseeable. Even assuming the specific conduct at issue here was foreseeable, Plaintiffs cannot show the School District failed to take reasonable measures in response. Defendants dispute the nature and extent of Plaintiffs' asserted damages, if any. To the extent Plaintiffs can show damages, they are limited by state and federal law.

### *Defendant Derek Parendo*

Derek Parendo was a member of the Proctor High School Football Coaching staff from the Fall of 2000 until the fall of 2021. He became head coach in 2008. In addition, Coach Parendo played football in the Proctor program while in school beginning in approximately 1988. At no time during his association with the program was there a culture of hazing, harassment or intimidation, much less sexual harassment, to his knowledge. As to the allegations in plaintiff's complaint, Coach Parendo denies that he knew or should have known of the

allegations in the complaint, and states that the assault plaintiff alleges was not reasonably foreseeable. Coach Parendo empathically denies any intentional conduct directed toward or resulting in injury to TW or any conduct which may have violated TW's constitutional rights. Coach Parendo invokes various immunity statutes and limitations on tort damages under Minnesota law. He denies that he was present at the time of the alleged assault, having left practice to attend an athletic event involving one of his children out of town. In his absence, the remaining coaches supervised practice which Parendo understands ended early due to a storm. No complaints were made to Parendo in the immediate aftermath of the incident and no reasonable coach could have anticipated this event. Coach Parendo did not participate in the district's investigation or any post investigation discipline of any of the alleged perpetrators, which was directed by district and building administrators and/or law enforcement. Coach Parendo disputes the nature and extent of plaintiffs' damages, if any.

(3) Statement of jurisdiction (including statutory citations):

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 given the federal claims and has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant Proctor Public Schools because the School District is a public entity with its principal headquarters and activities located in St. Louis County, Minnesota. All other identified parties also reside within this Court's judicial district. John Does, however, have not yet been identified or appeared. Venue is proper in this District under 28 U.S.C. § 1391 because the incident is alleged to have occurred in St. Louis County, Minnesota.

(4) Summary of factual stipulations or agreements:

None at this time other than noted in the Answers of those defendants who have appeared.

(5) Statement of whether a jury trial has been timely demanded by any party:

All parties who have appeared to date have made a jury trial demand.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

Those parties who have appeared have not agreed to expedited case resolution under this provision.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

As of this submission, not all named parties have been identified or appeared. Nor have all pleadings been served.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before December 30, 2022.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by October 20, 2023.

(3) The parties must commence fact discovery procedures in time to be completed by October 20, 2023.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

   (a) 50 Rule 33 Interrogatories served by each party against each other party;
   (b) 50 Rule 34 Requests served by each party against each other party;
   (c) Up to 40 factual depositions, divided equally among the parties. Any in-person depositions of Defendant School District's witnesses will be taken at a location appropriate under the circumstances. For example, depositions of any former employees will be taken within 100 miles of that witness' current location or by mutual agreement. Given the nature of Defendant School District, reasonable efforts will be made to take the deposition of those actively involved in the provision of educational services during the school year on days and at periods of time when school is not in session;
   (d) 50 Rule 36 Requests for Admissions served by each part against each other party; and
   (e) T.W. shall submit to (2) Rule 35 medical examinations, one psychological and one physical/medical.

(d)   Expert Discovery.

   (1)   The parties anticipate that they will require expert witnesses at the time of trial.

      (A)   Plaintiffs intend to call 3-5 witnesses in the fields of liability and damages, vocational, IME (medical and/or mental health), as necessary and appropriate.

      (B)   Defendants School District and Engelking anticipate calling 1-3 experts in the fields of liability and damages, vocational, IME (medical and/or mental health), as necessary and appropriate.

      (C)   Defendant Parendo anticipates calling 1-3 experts in the fields of liability and damages, vocational, IME (medical and/or mental health), as necessary and appropriate.

   (2)   The parties propose that the Court establish the following plan for expert discovery:

      (A)   Initial experts.

         (i)   The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before October 20, 2023.

         (ii)   The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before December 22, 2023.

      (B)   Rebuttal experts.

         (i)   The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before January 19, 2024.

         (ii)   Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before March 1, 2024.

   (3)   All expert discovery must be completed by April 5, 2024.

(e)   Other Discovery Issues.

   (1)   Protective Order.  The parties will prepare and file a stipulation for a protective order and confidentiality agreement governing the handling and release of

nonpublic data protected from disclosure under state and federal law.

(2) Public Data Requests

In recognition of the publicly funded nature of Proctor Public Schools, Defendant School District requests that reasonable efforts be made to encourage efficiencies and asks that during the pendency of this action, parties refrain from submitting requests to Defendant School District for government data that would otherwise be available in discovery.

Plaintiffs and Defendant Parendo do not agree to the above.  Defendant School District therefore requests that the Court exercise its sound judgment and discretion on the issue.

(3) Discovery of Electronically Stored Information.

Any demands to Defendant School District to produce emails will be processed in the form of a keyword and operators search that is limited in scope in accordance with the rules of discovery pertaining to relevancy and proportionality.  If appropriate, Defendant School District will advise of the number of responsive emails, the estimated cost and time associated with the required review and production of the email set, and whether School District will agree to voluntarily produce the complete email set subject to the objections noted below.

Emails and any other data to be produced will be reviewed for relevancy and produced in searchable .pdf form (except as noted below) subject to counsel review prior to production for relevancy, application of any privacy acts, trade secret, privilege, or other appropriate objection prior to production.

Redactions will be made to the face of the document.  The reason for any redaction will be set forth within the redacted .pdf on the face of the document.  Where an entire document is withheld, a privilege log will be prepared and produced.

Should text messages be identified as responsive and relevant, they will be captured by screen shot and produced by means of screen capture and in a .pdf format where feasible.  For any deleted text messages, submission of the devices used for forensic imaging will be permitted only upon a showing that the deleted messages are probative.  Thereafter, text messages will be subject to counsel review prior to production for relevancy, privilege, or other appropriate objection prior to production.

(4) Claims of Privilege or Protection.

The parties have discussed issues regarding the protection of information by state and federal privacy laws, including the Minnesota Government Data Practices Act, Minn. Stat. § 13, and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. In addition, they have discussed the application privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. Their agreement will be encompassed within their stipulated confidentiality agreement and proposed protective order.

(5) The parties:

☒ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by January 27, 2023.

(2) Motions seeking to amend the pleadings must be filed and served by March 3, 2023.

(3) All other non-dispositive motions must be filed and served by October 20, 2023.

(4) All dispositive motions must be filed and served by April 5, 2024.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after August 5, 2024.

(2) The parties propose that the final pretrial conference be held on or before April

26, 2024.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

*Defendants Proctor Public Schools and John Engelking*

Defendants Proctor Public Schools, Independent School District No. 704, and Defendant Engelking are insured through EMCASCO Insurance Company and Employers Mutual Casualty Company (collectively "EMC"). Defendants have been informed that the following policy has been determined applicable to Plaintiffs' claims:

Commercial General Liability Policy:  4D89152 Form:  CG0001 (04/13)
    Applicable Effective Dates:  04/01/21 – 04/01/22
    Limits:  $1,000,000 each occurrence; $300,000 damage to premises rented to you (any one premises); $5,000 medical expense (any one person); $1,000,000 personal & advertising injury (any one person or organization); $2,000,000 general aggregate; $2,000,000 products/completed operations aggregate a $1,000,000 each occurrence coverage limit.

The following policy may also apply to some degree:

Commercial Umbrella Policy:  4J89152 Form:  CU0001 (04/13)
    Applicable Effective Dates:  04/01/21 – 04/01/22
    Limits:  $1,000,000 each occurrence; $1,000,000 personal and advertising injury; $1,000,000 aggregate; $10,000 insured's retained limit.

To the extent the Commercial Umbrella applies, its aggregate limit is unavailable under Minn. Stat. §§ 466.04 and 466.06. Pursuant to a reservation of rights notice, other policies existing at the time of the alleged incident were deemed inapplicable.

*Defendant Derek Parendo*

Defendant Parendo is insured under a Commercial General Liability Policy from EMCASCO Insurance Company and an Umbrella policy issued by Employers Mutual Casualty Company (collectively EMC) to named insured ISD 704, Proctor Schools. EMC has issued a reservation of rights letter to defendant Parendo.

Commercial General Liability Policy: 4D89152 Form: CG0001 (04/13)
Applicable Effective Dates:  04/01/21 - 04/01/22

Limits:  $1,000,000 each occurrence; $300,000 damage to premises rented to you (any one premises); $5,000 medical expense (any one person); $1,000,000 personal & advertising injury (any one person or organization); $2,000,000 general aggregate; $2,000,000 products/completed operations aggregate.

Commercial Umbrella Policy: 4J89152 Form: CU0001 (04/13) Applicable Effective Dates:  04/01/21 - 04/01/22
Limits: $1,000,000 each occurrence; $1,000,000 personal and advertising injury; $1,000,000 aggregate; $10,000 insured's retained limit.

Additionally, Defendant Parendo may be insured under a policy issued through the Minnesota High School Coaches Association by HDI Global Specialty SE with the following limits:

Limits of Insurance:  $2,000,000
Products-Completed Operations Aggregate Limit:  $1,000,000
Personal and Advertising Injury Limit:  $1,000,000
Each Occurrence Limit:  $1,000,000
Damage to Premises Rented to You Limit:  $300,000
Medical Expense Limit:  Not Covered
Sexual Abuse Liability:  $50,000 per Occurrence and Aggregate, per coach.

Parendo understands that HDI plans to issue a Reservation of Rights letter, but has not yet done so.

(i) Settlement.

(1) The parties will discuss settlement by the plaintiff making a written demand for settlement, itemized by nature and category of damages, and each defendant making a written response to the plaintiff's demand.

(2) The parties propose that a settlement conference be scheduled to take place on or after March 15, 2024.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:  The parties are amenable to a settlement conference with the assigned Magistrate Judge.

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S. C. § 636(c).

| | |
|---|---|
| Dated: November 29, 2022<br>*(Authorized by e-mail on 11/29/22)* | **LEDIN, OLSON & COCKERHAM, S.C.**<br><br>By:    */s/ Nathan M. Cockerham*<br>Stephen J. Olson (A.R. #300810)<br>Nathan M. Cockerham, Pro Hac Vice<br>1109 Tower Avenue<br>Superior, WI 54880<br>Telephone: (715) 394-4471<br>Email:    solson@loclaw.net<br>          ncockerham@loclaw.net<br><br>***Attorneys for Plaintiffs*** |
| Dated: November 30, 2022 | **KENNEDY & GRAVEN, CHARTERED**<br><br>By:    */s/ Alex D. Ivan*<br>Maggie R. Wallner (A.R. #019458)<br>Alex D. Ivan (A.R. #0399607)<br>700 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 337-9300<br>Facsimile: (612) 337-9310<br>E-Mail:   mwallner@kennedy-graven.com<br>          aivan@kennedy-graven.com<br><br>***Attorneys for Defendants Proctor Public Schools, Independent School District No. 704, and John Engelking*** |
| Dated: November 29, 2022<br>*(Authorized by e-mail on 11/29/22)* | **LIND, JENSEN, SULLIVAN & PETERSON, P.A.**<br><br>By:    */s/ Mark A. Fredrickson*<br>Mark A. Fredrickson (A.R. #210535)<br>1300 AT&T Tower<br>901 Marquette Avenue South<br>Minneapolis, MN 55402<br>Telephone: (612) 333-3637<br>Email:    mark.fredrickson@lindjensen.com<br><br>***Attorneys for Defendant Derek Parendo*** |