UNITED STATES OF AMERICA
IN THE DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

TYLER P. WISS; and
MELODY M. MCKENNA,

Plaintiffs,

vs.

Case No: 22-CV-02047-JWB-LIB

PROCTOR INDEPENDENT SCHOOL DISTRICT 704,
DEREK B. PARENDO;
COLE LIPINSKI;
PHILLIP MOGEN;
ALEX OACHS;
ERIK EDMUNDS;
MATT SOLBERG; and
JOHN E. ENGELKING.

Defendants.

## SECOND AMENDED COMPLAINT

Plaintiffs, Tyler Wiss and Melody McKenna, by their attorneys, Ledin, Olson & Cockerham, S.C. by Stephen J. Olson respectfully allege and show to the Court as follows:

### I.   PARTIES

1. Plaintiff, Tyler P. Wiss, is an adult resident of Superior, Wisconsin with a mailing address of 15 Windsor, Superior, WI 54880.

2. Plaintiff, Melody M. McKenna is an adult resident of Proctor, Minnesota with a mailing address of 3323 Commonwealth Avenue, Duluth, MN 55808.

3. Plaintiffs are the parents of T.W., a minor child.

4.      That defendant Proctor Independent School District 704 (hereinafter "PSD") is a quasi-municipal corporation created pursuant to the laws of the State of Minnesota with a primary address of 131 North 9th Avenue, Duluth, Minnesota 55180.

5.      That Derek B. Parendo (hereinafter "Parendo") is an adult resident of the State of Minnesota with a last known address of 419 S. Boundary Avenue, Duluth, Minnesota 55810, and was the Head Coach of the Proctor High School Football Team on or about September 6, 2021.

6.      That Defendant Cole Lipinski is an adult resident of the State of Minnesota with a last known address of 4015 N. 79th Avenue West, Duluth, Minnesota 55810, and upon information and belief was an Assistant Coach for the Proctor High School Football Team on or about September 6, 2021. (Hereinafter "Assistant Coaches")

7.      That Defendant Phillip Mogen is an adult resident of the State of Minnesota with a last known address of 4229 West 5th Street, Minnesota 55807, and upon information and belief was an Assistant Coach for the Proctor High School Football Team on or about September 6, 2021. (Hereinafter "Assistant Coaches")

8.      Upon information and belief, Defendant Alex Oachs is an adult resident of the State of Minnesota, and upon information and belief was an Assistant Coach for the Proctor High School Football Team on or about September 6, 2021. (Hereinafter "Assistant Coaches")

9.      That Defendant Erik Edmunds is an adult resident of the State of Minnesota with a last known address of 1429 Begelow Avenue, Owatonna, Minnesota 55060, and upon information and belief was an Assistant Coach for the Proctor High School Football Team on or about September 6, 2021. (Hereinafter "Assistant Coaches")

10. That Defendant Matt Solberg is an adult resident of the State of Minnesota with a last known address of 7070 Rice Lake Road, Duluth, Minnesota 55803, and upon information and belief was an Assistant Coach for the Proctor High School Football Team on or about September 6, 2021. (Hereinafter "Assistant Coaches")

11. That John E. Engelking (hereinafter "Engelking") is an adult resident of the State of Minnesota with a last known address of 425 S. Boundary Avenue, Duluth, Minnesota 55810, who was serving in the capacity as superintendent of the PSD on or about September 6, 2021.

## II.   JURISDICTIONAL ALLEGATION

12. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1343, which provides jurisdiction over civil rights claims and 28 U.S.C. § 1331, as this case involves issues of a federal questions and is brought pursuant to 20 U.S.C. 1682 (Title IX) and United States Constitutional Amendment XIV, 42 U.S.C. 1983.

## III.   VENUE

13. Venue is proper in this Court as the facts giving rise to the case and damages sustained by the Plaintiffs occurred in St. Louis County, Minnesota, which is part of the United States District of Minnesota.

## IV.   FACTUAL ALLEGATIONS

14. That on or about September 6, 2021, T.W., was enrolled as a student in the PSD.

15. That T.W. was a student athlete who participated in the Proctor High School Football Program during school year 2021-2022.

16. That Parendo was employed by the PSD for 21 years, and at all relevant times related to this complaint, served as head high school football coach until his resignation in 2021.

17. That prior to, and during, the Parendo's tenure there was a prevalent practice of hazing high school football players with a toilet bowl plunger.

18. This practice included, among other things, students holding the student victim down while another student would use the rubber portion of the plunger against the victim's genitalia and/or gluteus maximus.

19. This practice included, among other things, urinating into the concave portion of the plunger, sticking the plunger to the ceiling and requesting unsuspecting high school football players to remove the plunger from the ceiling.

20. Upon information and belief, said plunger hazing activities were also known to all or some of Assistant Coaches prior to September 6, 2021.

21. Said plunger hazing activities were also known to Engelking and Parendo prior to September 6, 2021.

22. That this hazing practice was brought the attention of PSD, via the superintendent, upper district administration, Activities/Athletic Director, and student guidance counselors on multiple occasions over the course of many years.

23. That PSD had instructed Parendo to have the plunger removed from the locker room and to advise high school football players that hazing of any nature, especially with the toilet plunger, was inappropriate and would not be tolerated.

24. That the PSD did not take adequate measures to ensure that the toilet plunger was removed from the locker room and that hazing activities, especially with the toilet plunger were ceased among the high school football team.

25. That Parendo did not take adequate measures to ensure that the toilet plunger was removed from the locker room and that hazing activities, especially with the toilet plunger were ceased among the high school football team.

26. That on September 6, 2021, T.W. was in the locker room after a football practice changing from his football equipment into his street clothes.

27. That Parendo was not present for the football practice on September 6, 2021.

28. That Assistant Coaches conducted the football practice on September 6, 2021.

29. That weather caused the football practice on September 6, 2021, to be ended prematurely.

30. That at some point after practice had ended neither Parendo, nor Assistant Coaches remained at the high school football practice facility to supervise the high school football players.

31. That without any adult supervision by agents of PSD, a brief chase ensued which concluded just outside the high school football locker room

32. That T.W. was tackled and held down by other players on the Proctor High School football team and that one of the players forcefully inserted the wooden handle of the plunger into the anus of T.W.

33. That the physical assault experienced by T.W. was offensive, unwanted and interfered with his educational environment and deprived T.W., of the educational opportunities or benefits provided by PSD.

34. That all defendants have condoned student on student sexual and physical harassment and assault in the past by down-playing the acts, failing to ensure the toilet plunger was removed,

failing to educate staff and student-athletes regarding the dangers of hazing and bullying, and by violating its own policies, procedures and/or state law or federal law.

35. That all defendants acted under color of state law when they acted with actual knowledge and deliberate indifference to the sexual, physical discrimination suffered by T.W. in violation of his right to be free from sexual discrimination.

36. That PSD is an educational institution which receives federal funds and is subject to Title IX of the Education Amendment of 1972, private cause of action (20 U.S.C. 1681).

37. That PSD has adequate notice that it could be liable for the conduct at issue, based upon the Notice of Claim of Plaintiffs which was served on Engelking on December 30, 2021, in his capacity as superintendent.

38. That the acts of harassment and assault experienced by T.W., were severe, pervasive, persistent and objectively offensive.

39. That as a direct and proximate cause of the acts/or omissions of all defendants and/or their agents, T.W. has been denied access to educational opportunities or benefits provided by PSD.

40. That as a direct and proximate cause of the acts and omissions of all defendants T.W. has suffered embarrassment, humiliation, fear of retaliation, intimidation, breach of trust, anxiety, depression, pain and suffering in an amount to be proven at trial, together with the award of costs, interest and attorney fees as allowed by law.

### V. FEDERAL CLAIMS VERSUS PSD, PARENDO, ASSISTANT COACHES, AND ENGELKING

41. Plaintiffs incorporate by reference paragraphs 1 through 40 as if fully restated herein.

### A. Title IX of the Educational Act of 1972, 20 U.S.C Section 1681, Claim Versus PSD (Sexual Harassment)

42. Plaintiffs incorporate by reference paragraphs 1 through 41 as if fully restated herein.

43. That PSD is liable to plaintiffs under Title IX of the Educational Amendments of the Civil Rights Act, (20 U.S.C. Section 1681).

44. That PSD is liable to plaintiffs for violation of the equal rights of T.W. by failing to take decisive and appropriate remedial measures to stop the pervasive hazing and bullying in the School District, said failure rising to the level of being deliberate and intentional indifference.

45. As a result of PSD failing to take decisive and appropriate remedial measures to stop the pervasive hazing and bullying in the School District, T.W. was damaged.

### B. United States Constitutional Amendment XIV, 42 U.S.C. Section 1983 Claim Versus PSD and Parendo, Engelking, and Assistant Coaches, Individually and in their capacity as Agents of PSD (Denial of Equal Protection on the basis of Sexual Harassment)

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as if fully restated herein.

47. The acts and omissions of the defendants described above violated TW's clearly established rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

48. That Engelking, Parendo, and Assistant Coaches are liable to plaintiffs in their capacity as employees/agents of the PSD for failing to implement and enforce reasonable, effective, meaningful procedures and/or policies to ensure compliance with federal law and the policies of the

7

defendant PSD and failed to ensure the proper education and training of staff and student-athletes as to harassment, bullying and hazing issues.

49. That Engelking, Assistant Coaches, and Parendo, are liable to plaintiffs in their individual capacity for failing to implement and enforce reasonable, effective, meaningful procedures and/or policies to ensure compliance with federal law and the policies of the defendant PSD and failed to ensure the proper education and training of staff and student-athletes as to harassment, bullying and hazing issues.

50. As a result of Engelking, Assistant Coaches and Parendo failing to implement and enforce reasonable, effective, meaningful procedures and/or policies to ensure compliance with federal law and the policies of the defendant PSD and failed to ensure the proper education and training of staff and student-athletes as to harassment, bullying and hazing issues, T.W. was damaged.

## VI.   PENDENT STATE CLAIMS

51. Plaintiffs incorporate by reference paragraphs 1 through 50 as if fully restated herein.

52. That the Court has jurisdiction over state law claims vests supplemental jurisdiction to hear related state law claims.

### A.   Intentional Infliction of Emotional Distress Versus all Defendants

53. Plaintiffs incorporate by reference paragraphs 1 through 52 as if fully restated herein.

54. The acts and/or deliberate omissions by the defendants or their agents as to their failures to protect, prevent and properly punish the perpetrators of harassment including staff against T.W. was and is extreme and outrageous conduct.

55. That the actions and/or omissions, including failure to persistently and consistently enforce district and team policies against harassment and assault was the result of the deliberate administrative decision and/or reckless disregard by PSD, Engelking, Parendo, Assistant Coaches and other administrators for the safety and rights of students, including T.W.

56. That the assault on T.W., along with the attendant pursuit, tackling, disrobing, imprisonment and subsequent sodomy by plunger tip of T.W. were intentionally perpetrated upon T.W. with the reasonably foreseeable outcome being that T.W. would suffer emotional distress as a result.

57. That as a direct and proximate cause of the deliberate actions and/or deliberate omissions of defendants, T.W. suffered damages including, but not limited to, severe emotional distress, anxiety, stress, and fear of school environment.

58. That plaintiffs, on behalf of T.W., are entitled to recover damages from all defendants for the Intentional Infliction of Emotional Distress upon T.W.

### B. Negligent Infliction of Emotional Distress Versus all Defendants

59. Plaintiffs reallege and incorporate paragraphs 1 through 58 as fully set forth herein.

60. That the defendants or their agents owed a duty of care to supervise, protect, prevent harassment, bullying, hazing, and any other inappropriate activity that could cause emotional distress to T.W.

61. That the defendants and/or their agents breached the duty owed to the plaintiffs in that they failed to supervise and to enforce policies against harassment, bullying, hazing and other inappropriate activity that could cause emotional distress to T.W.

62. That as a direct and proximate cause of the negligence of defendants and/or their agents, T.W. suffered damages including, but not limited to, severe emotional distress, anxiety, stress, and fear of school environment.

63. Said emotional distress suffered by T.W. has been physically manifested in the daily life and routine of T.W.

64. That plaintiffs, on behalf of T.W., are entitled to recover damages from all defendants for the negligent infliction of emotional distress upon T.W.

### C. Negligent Hiring of Parendo, Engelking and Assistant Coaches Versus PSD

65. Plaintiffs reallege and incorporate paragraphs 1 through 64 as fully set forth herein.

66. PSD is liable to plaintiffs for the negligent hiring of Engelking.

67. Upon the hiring of Engelking, it was foreseeable that Engelking posed a threat of physical and emotional injury to others.

68. Thereafter, based upon the negligence of Engelking, physical and emotional injury was sustained by T.W.

69. T.W. has sustained damages as the result of the negligent hiring by PSD, as well as the negligence of Engelking.

70. PSD is liable to plaintiffs for the negligent hiring of Parendo.

71. Upon the hiring of Parendo, it was foreseeable that Parendo posed a threat of physical and emotional injury to others.

72. Thereafter, based upon the negligence of Parendo, physical and emotional injury was sustained by T.W.

73. T.W. has sustained damages as the result of the negligent hiring by PSD, as well as the negligence of Parendo.

74. PSD is liable to plaintiffs for the negligent hiring of Assistant Coaches.

75. Upon the hiring of Assistant Coaches, it was foreseeable that Assistant Coaches posed a threat of physical and emotional injury to others.

76. Thereafter, based upon the negligence of Assistant Coaches, physical and emotional injury was sustained by T.W.

77. T.W. has sustained damages as the result of the negligent hiring by PSD, as well as the negligence of Assistant Coaches.

### D. Negligent Supervision of Parendo, Engelking and Assistant Coaches Versus PSD

78. Plaintiffs reallege and incorporate paragraphs 1 through 77 as fully set forth herein.

79. PSD had a duty to control and supervise Engelking and to prevent him from intentionally or negligently inflicting personal injury upon T.W.

80. PSD breached that duty by not adequately controlling and supervising Engelking.

81. Engelking's negligent conduct resulted in T.W. sustaining significant personal injury.

82. T.W. has been damaged by the negligent supervision of PSD and by the negligence of Engelking.

83. PSD had a duty to control and supervise Parendo and to prevent him from intentionally or negligently inflicting personal injury.

84. PSD breached that duty by not adequately controlling and supervising Parendo.

85. Parendo's negligent conduct resulted in T.W. sustaining significant physical injury.

86. T.W. has been damaged by the negligent supervision of PSD and by the negligence of Parendo.

87. PSD had a duty to control and supervise Assistant Coaches and to prevent them from intentionally or negligently inflicting personal injury.

88. PSD breached that duty by not adequately controlling and supervising Assistant Coaches.

89. The Assistant Coaches' negligent conduct resulted in T.W. sustaining significant

physical injury.

90. T.W. has been damaged by the negligent supervision of PSD and by the negligence of Assistant Coaches.

### E. Negligent Hiring of Parendo, Engelking and Assistant Coaches Versus PSD

91. Plaintiffs reallege and incorporate paragraphs 1 through 90 as fully set forth herein.

92. PSD is liable to plaintiffs for negligent retention of Engelking

93. Upon information and belief, Engelking had been an employee of the PSD for 12 years on or about September 6, 2021.

94. PSD knew or should have known that Engelking was violent or aggressive and might engage in injurious conduct.

95. Thereafter, Engelking's conduct did result in damages being sustained by T.W.

96. T.W. sustained physical injuries that were based upon the negligent retention by PSD and the acts of Engelking.

97. PSD is liable to plaintiffs for negligent retention of Parendo.

98. Upon information and belief, Parendo had been an employee of the PSD for 21 years on or about September 6, 2021.

99. PSD knew or should have known that Parendo was violent or aggressive and might engage in injurious conduct.

100. Thereafter, Parendo's conduct did result in damages being sustained by T.W.

101. T.W. sustained physical injuries that were based upon the negligent retention by PSD and the acts of Parendo.

102. PSD is liable to plaintiffs for negligent retention of Assistant Coaches.

103. Upon information and belief, Assistant Coaches had been employees of the PSD varying lengths of time on or about September 6, 2021.

104. PSD knew or should have known that Assistant Coaches were violent or aggressive and might engage in injurious conduct.

105. Thereafter, Assistant Coaches' conduct did result in damages being sustained by T.W.

106. T.W. sustained physical injuries that were based upon the negligent retention by PSD and the acts of Assistant Coaches.

### F. Negligence Versus PSD and Engelking
### (Principal/Agent – Respondent Superior)

107. Plaintiffs reallege and incorporate paragraphs 1 through 106 as fully set forth herein.

108. Engelking had a duty of care owed to T.W. as superintendent of the PSD and T.W. was a student-athlete within the PSD at the time of the assault.

109. By failing to take appropriate steps and heed past warnings, issues, and complaints regarding bullying, hazing, harassment, and assault, Engelking breached his duty to T.W.

110. As a direct and proximate cause of the breach of duty by Engelking, T.W. has sustained damages.

111. As Engelking is an agent of PSD, PSD is also liable for the negligence of Engelking.

### G. Negligence Versus PSD and Parendo
### (Principal/Agent – Respondent Superior)

112. Plaintiffs reallege and incorporate paragraphs 1 through 111 as fully set forth herein.

113. Parendo had a duty of care owed to T.W. as Head Football Coach of the Proctor High School Football team.

114. By failing to take appropriate steps and heed past warnings, issues, and complaints regarding bullying, hazing, harassment, and assault, Parendo breached his duty to T.W.

115. By failing to be present and/or adequately supervise the locker room or just outside the locker room where the assault occurred on or about September 6, 2021, Parendo breached his duty of care to T.W.

116. As a direct and proximate cause of the breach of duty owed to T.W. by Parendo, T.W. has sustained damages.

117. As Parendo is an agent of PSD, PSD is also liable for the negligence of Parendo.

### H. Negligence Versus PSD and Assistant Coaches (Principal/Agent – Respondent Superior)

118. Plaintiffs reallege and incorporate paragraphs 1 through 117 as fully set forth herein.

119. Assistant Coaches had a duty of care owed to T.W. as Assistant Football Coaches of the Proctor High School Football team.

120. By failing to be present and/or adequately supervise the locker room or just outside the locker room where the assault occurred on or about September 6, 2021, Assistant Coaches breached their duty of care to T.W.

121. As a direct and proximate cause of the breach of duty owed to T.W. by Assistant Coaches, T.W. has sustained damages.

122. By failing to ensure that the locker room and/or just outside the locker room where the assault occurred on or about September 6, 2021, was adequately supervised, Assistant Coaches breached their duty to T.W.

123. As a direct and proximate cause of the breach of duty by Assistant Coaches, T.W. has sustained damages.

124. As Assistant Coaches are an agents of PSD, PSD is also liable for the negligence of Assistant Coaches.

### Minnesota Human Rights Act, Minn. Stat. § 363a.13 "MHRA" (Sexual Discrimination)

125. Plaintiffs reallege and incorporate paragraphs 1 through 124 as fully set forth herein.

126. Under the MHRA, "[i]t is an unfair discriminatory practice to discriminate in any manner in the full utilization of or benefit from any educational institution, or the services rendered thereby to any person on the basis of … sex…." Minn. Stat. Ann. § 363A.13.

127. As such, Defendants had a duty to provide Plaintiffs with an educational atmosphere free of sexual discrimination.

128. Defendant failed to take adequate steps to provide Plaintiffs with an educational atmosphere free of sexual discrimination.

129. As a result of Defendant's conduct, customs, policies, and practices, T.W. was unjustly and discriminatorily deprived of equal education opportunities and benefits.

130. As a direct result of the actions and conduct of Defendant, Plaintiffs suffered and continue to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages in excess of $75,000.

131. As a result of Defendant's violation, Plaintiffs are also entitled to their attorneys' fees and costs.

**WHEREFORE**, plaintiffs respectfully request entry of judgment on behalf of plaintiffs in favor and against all defendants jointly and severally in excess of $75,000.00, but in an amount to be determined by a jury, together with costs, interest and attorney fees as allowed by law.

**WHEREFORE**, plaintiffs reserve the right to amend their complaint at a later date to allege punitive damages against one or all of the defendants.

### JURY DEMAND

Plaintiffs hereby demand a trial by a jury on all issues.

Dated this 2 day of May, 2023.

**LEDIN, OLSON & COCKERHAM, S.C.**
Attorneys for the Plaintiffs

By: _____
Stephen J. Olson, #0300810
1109 Tower Ave.
Superior, WI 54880
(715) 394-4471
solson@loclaw.net